WILLIS P. CHISOLM, plaintiff in error, *vs.* WADE S. COTHRAN, *et. al.*, defendants in error.

After an award has been made by arbitrators, and copies thereof are furnished to each of the parties, they may return the award to the next Superior Court, commenced and held in the county, after the award is made, whether the same is a Regular or Adjourned Term of the Court, and the same may be entered on the minutes of said Court ; and the complaint, that the award was entered on the minutes of the Superior Court at an Adjourned Term thereof, is not well founded, the more especially in this case, as the complaining party *notified* his adversary that he would file his objections to the award at the *Adjourned Term of the Court.*

2. The Court below erred in not sustaining the demurrer to the objections to the award, on the ground that the same were not made on the *oath* of the party objecting to the same, as required by the 4184th section of the Code.

Arbitration.    Practice.    Construction of Statutes.    Before Judge KIRBY.    Floyd Superior Court.    July Adjourned Term, 1869.

Chisolm *vs.* Cothran *et al.*

In June, 1866, Chisolm agreed with Cothran and A. R. Smith, to submit to arbitration a controversy which he had with them, concerning certain cotton. The January Term, 1867, of Floyd Superior Court, was adjourned *till* in April, 1867. On the 9th of February, 1867, the arbitrators heard the cause and made an award, and gave to each of the parties a copy of it. On the 17th of April, before said Adjourned Term convened; counsel of Cothran & Smith gave written notice to Chisolm's counsel, that, at the then approaching Adjourned Term, they would `object to judgment upon said award, and move to vacate it, upon grounds stated in said notice. When the Adjourned Term met, and said cause was called, in its order on the motion docket, on the 22d of of April, 1867, said award was entered upon the minutes of the Court, in presence of counsel of Cothran & Smith. On the 22d of April, 1867, said counsel for Cothran & Smith filed certain objections to said award, and they were entered upon the minutes of said Court. These objections were not verified. On the 24th of April, 1867. Chisolm's counsel entered up a judgment against Cothran & Smith for the amount found in his favor, against them, by said award.

Afterwards, in May, 1867, Cothran & Smith made affidavit to said objections, but it was conceded in the argument that this was after said Term adjourned. At the July Adjourned Term of said Court, Chisolm's counsel demurred to said objections, because they were not made at the January Adjourned Term, and because they were insufficient in law. The Court below overruled the demurrer, and ordered a trial to be had on said objections, this is assigned as error. (As this Court did not pass upon the merits of the objections, they are immaterial here.)

PRINTUP & FOUCHE, E. N. BROYLES, for plaintiff in error, said the want of verification at April Term is fatal to the objections: Irwin's Code, sec. 4184; Sedg. S. & C. L., 319, 322, 323, and note; 8th Ga. R., 521; 28th, 27.

Chisolm *vs.* Cothran *et al.*

SMITH & BRANHAM, by J. W. H. UNDERWOOD, for defendant, replied, the objections need not be filed till the "next Term," after the award, and the April Adjourned Term was not the next: New Code, sections 3986, 3936, 3965, 4072; "Term," includes the Adjourned Term: 2 Burr Dic., 576; 9 Watt's R., 200; 9 Ga. R., 407; 18th, 607.

WARNER, J.

1. When an award has been made by arbitrators, and copies thereof furnished each of the parties, as provided by the 4183 section of the Code, they may return the award to the next Superior Court, commenced and held in the county, after the award is made, whether the same is a Regular or Adjourned Term of the Court, and the same may be entered on the minutes of said Court. The complaint in this case, that the award was entered on the minutes of the Superior Court, at an Adjourned Term thereof, is not well founded, because, the complaining party *notified* his adversary that he would file his objections to the award, *at the Adjourned Term of the Court.*

2. When either party to an award, desires to attack the same, on any of the grounds specified in the 4184 section of the Code, the special ground of attack must be suggested *on oath;* and the Court below erred in not sustaining the demurrer to the objections filed to the award, on the ground, that the objections were not filed *under oath,* as required by the Code.

Let the judgment of the Court below be reversed.